16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
James KITTERMAN, also known as James Brinkman, also known as
Wayne Miller, also known as Robert Hammers, also
known as Barret Stokes, also known as
Robert W. Hammer, Appellant.
 No. 93-2744.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 21, 1994.
Filed: January 28, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Kitterman appeals the District Court's[1] denial of his motion to withdraw his guilty plea. We affirm.
 
 
 2
 Kitterman pleaded guilty to conspiracy to distribute marijuana and to possess with intent to distribute marijuana, possession of marijuana with intent to distribute, and two counts of distribution of marijuana. Seven months later, Kitterman moved to withdraw his guilty plea. Kitterman claimed he suffered from severe anxiety and manic depression at the time of his plea. He argued those conditions made him unable to appreciate the consequences of his plea. He also argued his plea resulted from miscommunications and misunderstandings between his counsel and him. Finally, Kitterman claimed he had insufficient time to discuss his plea with counsel.
 
 
 3
 On the date previously set for Kitterman's sentencing, the District Court held an evidentiary hearing on his motion. After receiving Kitterman's testimony, the Court orally denied the motion and then sentenced him to 122 months on each count, to run concurrently. The Court later entered its written order denying the motion. The District Court recognized the standard for deciding whether to grant Kitterman's motion: whether Kitterman established a fair and just reason to withdraw his plea, whether Kitterman asserted his legal innocence, the length of time between Kitterman's plea and his motion to withdraw, and, if applicable, whether the government would suffer prejudice. See United States v. Johnson, 977 F.2d 1297, 1299 (8th Cir. 1992), cert. denied, 113 S. Ct. 1357 (1993); United States v. Boone, 869 F.2d 1089, 1091-92 (8th Cir.), cert. denied, 493 U.S. 822 (1989).
 
 
 4
 The Court concluded Kitterman failed to demonstrate a fair and just reason for the withdrawal of his plea. The Court noted that Kitterman alleged he suffered an "emotional difficulty" at the time of his plea, not a mental or emotional incapacity. Further, Kitterman was able to ask his counsel questions concerning his stipulation, plea agreement, and the consequences of his plea. The Court also noted Kitterman failed to make specific assertions as to which aspects of his plea he did not understand. The Court doubted Kitterman's claim that he could not remember pleading guilty because Kitterman testified he remembered his discussion with counsel the day before his plea. The court noted the lapse of several months between Kitterman's plea and his motion to withdraw it. Finally, the Court found Kitterman's partial, vague protestation of innocence unpersuasive.
 
 
 5
 We review the District Court's denial of Kitterman's motion for an abuse of discretion. See United States v. Mahler, 984 F.2d 899, 902 (8th Cir. 1993). Having carefully reviewed the hearing transcript and the plea transcript, we conclude the District Court applied the proper legal standard and did not abuse its discretion in denying Kitterman's motion. Accordingly, we affirm the order of the District Court.
 
 
 
 [1]
 The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri