United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 95-3158
_____

United States of America,                *
                                          *
        Appellee,                         *
                                          *
        v.                                *   Appeal from the United States
                                          *   District Court for the District
One 1970 36.9' Columbia                   *   of Minnesota.
Sailing Boat, Known as the                *
"Delphene", License No.                   *
CF8540EN, I.D. No. 696168                 *
With All Appurtenances                    *
Thereto.                                  *
                                          *
        Defendant.                        *
    _____

John Walter Piner,                        *
                                          *
        Appellant.                        *


_____

Submitted: May 14, 1996

Filed:  July 19, 1996
_____

Before RICHARD S. ARNOLD, Chief Judge, MAGILL, Circuit Judge, and
    VAN SICKLE,* Senior District Judge
_____

VAN SICKLE, Senior District Judge.

_____

        *The HONORABLE BRUCE M. VAN SICKLE, Senior United States
        District Judge for the District of North Dakota,
        sitting by designation.

John Walter Piner, the Claimant, appeals the decision of the district court[1] granting the United States' motion for forfeiture of a boat formerly owned by Piner, a 1970 36.91 Columbia Sailing Boat, known as the "Delphene."  We affirm.

## I.  BACKGROUND

Carl Thompsen and Ronald Scoggins planned to import marijuana from Colombia.  They met the Claimant, who informed the pair that the marijuana could be transported in his boat, the Delphene.  For carrying the contraband, Piner was to receive 1,000 pounds of marijuana as payment.  The street value of the drugs was approximately $600,000.  On or about July 16, 1989, approximately 4,500 pounds of marijuana were transferred from the Delphene to the shore near Santa Barbara, California.

On March 7, 1994, the Claimant, Thompsen, and Scoggins were arrested and indicted on two counts.  Count I charged the defendants with conspiracy to distribute and possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(vii), and 846.  Count II charged the men with conspiracy to import into the United States from a place outside the United States approximately 4,500 pounds of marijuana in violation of 21 U.S.C. §§ 942, 960(b)(1), and 846.

At the time of the Claimant's arrest, the Delphene was docked in Fajardo, Puerto Rico and registered in the Claimant's name.  On August 7, 1994, the United States Attorney for the District of Minnesota filed a Complaint for Forfeiture of the Delphene under 21 U.S.C. § 881(a)(4). The Claimant filed a claim to the boat and an answer to the government's complaint.  On February 5, 1995, the Claimant was acquitted on Count I, but found guilty on Count II.

On July 31, 1995, the district court granted the government's motion and authorized the forfeiture of the Delphene.  The district

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

-2-

court held that the Claimant had not satisfied the "same-elements" test enunciated in <u>Blockburger v. United States</u>, 284 U.S. 299

(1932) and, therefore, there was no violation of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution. The district court reasoned that the conspiracy charge and the forfeiture did not invoke double jeopardy when used against the same Claimant because

> "for a § 881(a)(4) forfeiture, the government need not prove the existence of an agreement or that a Claimant was a knowing participant in that agreement; for a conviction on the conspiracies alleged in the indictment, the government need not prove the existence of a conveyance which facilitated drug transactions."

The district court also held that the seizure of the vessel was not an excessive fine under the Eighth Amendment and <u>Austin v. United States</u>, 509 U.S. 602 (1993). The Delphene was appraised at $50,000; the claimant was to receive $600,000 in marijuana on delivery of the marijuana to California. Furthermore, the total value of the drugs that were present on the Defendant was $2.7 million dollars. Therefore, the district court believed, the fine could not be seen as excessive.

## II. DISCUSSION

### A. Double Jeopardy

The Double Jeopardy Clause of the Fifth Amendment protects against multiple prosecutions for the same offense and is applicable to the states through the Fourteenth Amendment. <u>North Carolina v. Pearce</u>, 395 U.S. 711, 717 (1969). <u>See</u> <u>U. S. Const.</u> amend. V ("[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb."). The Supreme Court declared in <u>Blockburger</u> that:

> "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." <u>Blockburger</u>, 284 U.S. at 304.

Until recently, it was unclear whether a criminal defendant was subject to double jeopardy when the government attempted civil

forfeiture of property connected to the alleged crime under the

authority of 21 U.S.C. § 881. <u>Compare</u> <u>United States v. Smith</u>, 75 F.3d 382 (8th Cir. 1996) (no double jeopardy problem in government's use of § 881(a)(7) if civil forfeiture and criminal proceedings are coordinated); <u>United States v. $184,505.01</u>, 72 F.3d 1160 (3rd Cir. 1995) (double jeopardy not raised when government attempted forfeiture of property under § 881(a)(6) which deals with the proceeds from drug sales); <u>United States v. Salinas</u>, 65 F.3d 551 (6th Cir. 1995) (same); <u>United States v. Tilley</u>, 18 F.3d 295 (5th Cir.), <u>cert, denied</u>, 115 S.Ct. 574 (1994) (same); <u>United States v. Price</u>, 914 F.2d 1507, 1512-13 (D.C. Cir. 1990) (same) <u>with</u> <u>United States v. Ursery</u>, 59 F.3d 568 (6th Cir. 1995), <u>rev'd</u>, 1996 WL 340815 (U.S. Jun 24, 1996) (§ 881(a)(6)); <u>United States v. One 1978 Piper Cherokee Aircraft, Tail No. N 5538V, Including its Tools and Appurtenances</u>, 37 F.3d 489 (9th Cir. 1994) (double jeopardy bars forfeiture under § 881(a)(4) involving the conveyances such as aircraft or boats that are allegedly used to carry illegal narcotics); <u>United States v. $405,089.23 U.S. Currency</u>, 33 F.3d 1210 (9th Cir. 1994), <u>amended on denial of reh'q</u>, 56 F.3d 41 (9th Cir. 1995), <u>rev'd</u>, <u>United States v. Ursery</u>, 1996 WL 340815 (U.S. Jun. 24, 1996) (§ 881(a)(6)). The Supreme Court greatly clarified this area of the law with its decision in <u>United States v. Ursery</u>, 1996 WL 340815 (U.S. Jun. 24, 1996).

In <u>Ursery</u>, the Supreme Court held that "in rem civil forfeiture is a remedial civil sanction, distinct from potentially punitive in personam civil penalties such as fines, and does not constitute a punishment under the Double Jeopardy Clause." <u>Id.</u> at *8 (citation omitted). The Court employed a two-step analysis in determining that double jeopardy did not apply in cases where the government attempted to acquire the property of criminal defendants by forfeiture under § 881(a)(6) or § 881(a)(7). First, the Court asked whether Congress intended proceedings under § 21 U.S.C. 881 to be civil or criminal. <u>Id.</u> at 14. Second, the Court considered "whether the proceedings are so punitive in fact as to persuade [the Court] that the forfeiture proceeding[s] may not legitimately

-6-

be viewed as civil in nature,' despite Congress' intent." <u>Id.</u>

(citing United States v. One Assortment of 89 Firearms, 465 U.S. 354, 366 (1984)).

The Supreme Court's determination that "civil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause", id. at *13, would appear to apply to all sections of § 881(a), not merely §§ 881(a)(6) and § 881(a)(7), the sections which were directly involved in Ursery.  In the discussion of the first step of its two-step analysis, the Court refers only to § 881 in general, and not to any specific section, in its determination that § 881 forfeiture is strictly a civil proceeding. Id. at *14. However, the Court in its second stage of analysis, on the issue of whether these particular civil proceedings were so punitive as to be criminal proceedings in reality, focussed more specifically on § 881(a)(6) and (7). Id. at *15.

The Court stated that § 881(a)(6) and (7) were not so punitive as to become criminal proceedings because these sections "serve important nonpunitive goals." Id.  The primary nonpunitive goal exists because "requiring the forfeiture of property used to commit federal narcotics violations encourages property owners to take care in managing their property and ensures that they will not permit that property to be used for illegal purposes." Id.

We hold that the Court's reasoning in Ursery as to its determination that civil forfeiture under § 881(a)(6) and (7) cannot constitute double jeopardy applies to § 881(a)(4), the pertinent section in the case before this court.[2]  The nonpunitive

---

[2]21 U.S.C. § 881(a):
"The following shall be subject to forfeiture to the United States and no property right shall exist in them:

(4)  All conveyances including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances] . . .

goal of encouraging property owners to refrain from trafficking in illegal substances is met by this section of the statute which allows the forfeiture of an aircraft, vehicle, or, as in the case before this court, a vessel, that is involved in the transportation of a controlled substance. See 21 U.S.C. § 881(a)(4). A boat owner presumably would not want to allow his vessel to be used in drug trafficking because he knew that the vessel could be forfeited if law enforcement discovered his scheme.

In addition, the connection between § 881(a)(4) and (7) is quite strong. Both sections allow the forfeiture of property that is used in connection with drug trafficking, unlike § 881(a)(6) which deals only with property acquired by the proceeds from drug sales.[3] The Supreme Court did not distinguish between the two sections when it determined that these types of forfeiture can be considered "punishment" subject to Excessive Fines Clause analysis. Austin, 509 U.S. at 619-21. Furthermore, other courts have reasoned that the double jeopardy analysis is the same for §§ 881(a)(4) and (7), as opposed to an inquiry regarding § 881(a)(6). See Smith v. United States, 76 F.3d 879, 882 (7th Cir. 1996) United

---

(6)  All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance . . .

(7)  All real property. . . which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of this subchapter punishable by more than one year's imprisonment. . ."

[3]The Ursery Court's decision to deny the double jeopardy defense to a criminal defendant subject to a civil forfeiture action for forfeitures of both property directly acquired as a result of drug sales and property used in connection with the production or transportation of controlled substances also highlights the breadth of that decision as applied to § 881(a). The Court noted that § 881(a)(6) also served the additional nonpunitive goal of "ensuring that persons do not profit from their illegal acts." Ursery, 1996 WL 340815 at *15.

-9-

States v. Tilley, 18 F.3d 295, 299-300 (5th Cir. 1994) United States v. Levine, 905 F. Supp. 1025, 1030-31 (M.D. Fla.

-10-

1995).

Therefore, we hold that the Supreme Court's declaration that civil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause", Ursery, 1996 WL 340815 at *13, applies to 21 U.S.C. § 881(a)(4) as well as 21 U.S.C. § 881(a)(6) and (7). We affirm the decision of the district court allowing the forfeiture of the Delphene.

B.    Excessive Fines

The Claimant also contends that the forfeiture of the Delphene would result in a violation of the Eighth Amendment's prohibition against Excessive Fines. See U.S. Const., amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."). The district court did not agree, stating that the forfeiture of the boat would not be a grossly disproportionate punishment in connection with the Claimant's role in the conspiracy to import marijuana.

Civil forfeiture under § 881(a)(4) is subject to the limitations of the Excessive Fines Clause. Department of Revenue of Mont. v. Kurth Ranch, 114 S.Ct. 1937, 1945 (1994); Austin, 509 U.S. at 604. The burden is on the Claimant to make a prima facie showing that the fine is grossly disproportionate to the illegal activity committed by the Claimant. See United States v. Alexander, 32 F.3d 1231, 1235 (8th Cir. 1994); United States v. 1181 Waldorf Drive, St. Louis, Mo., 900 F. Supp. 1167, 1173 (E.D. Mo. 1995). A court must look at the specific facts of the case, including the extent of the criminal wrongdoing and the value of the property forfeited. Alexander, 32 F.3d at 1236. Courts must also consider the amount of time the property owner engaged in illegal activity. United States v. Bieri, 21 F.3d 819, 824 (8th Cir.), cert, denied, 115 S. Ct. 208 (1994). The Court of Appeals review of a district court's decision on the excessive fines issue "must be based upon the analysis and record finally developed by the district court." Alexander, 32 F.3d at 1237.

We agree with the district court that the Claimant has not

made a prima facie showing of gross disproportionality.  The value of the Delphene is dwarfed by the value of drugs the Claimant was to receive from the sale and the street value of all the marijuana being transported on the boat.  The Claimant concealed criminal activity for five years before his arrest.  Therefore, the forfeiture of the Delphene is not a violation of the Excessive Fines Clause of the Eighth Amendment.

## III.  CONCLUSION

The civil forfeiture of the Delphene is not barred by the Double Jeopardy Clause of the Fifth Amendment, nor does the forfeiture violate the Excessive Fines Clause of the Eighth Amendment.  We affirm the district court's (1) finding of probable cause for forfeiture of the Delphene, (2) granting of the United states' motion for summary judgment against the Claimant, and (3) granting of the United States' motion for forfeiture of the Delphene.

A true copy.

Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.