_____

No. 96-1352
_____

Jimmie Don Kitterman,          *
                               *
          Appellant,           *
                               * Appeal from the United States
     v.                        * District Court for the
                               * Eastern District of Missouri.
United States of America,      *
                               *          [UNPUBLISHED]
          Appellee.            *
                               _____

          Submitted:  August 7, 1996

            Filed:  August 20, 1996
                               _____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
                               _____

PER CURIAM.


     Kitterman pleaded guilty to various drug charges, and the District Court[1] sentenced him to 122 months imprisonment. On direct appeal, this Court affirmed. United States v. Kitterman, 16 F.3d 1229 (8th Cir. 1994) (per curiam) (table). Kitterman then filed this 28 U.S.C. § 2255 (1994) motion, asserting, among other things, a double-jeopardy claim, various ineffective-assistance claims, and claims concerning the enhancement of his sentence pursuant to 21 U.S.C. § 841(b)(1)(B) (ten-year mandatory minimum for multiple drug-offense convictions). The District Court denied Kitterman's § 2255 motion without an evidentiary hearing, and Kitterman appeals.


     We believe the District Court properly denied Kitterman's section 2255 motion without an evidentiary hearing, because after de novo review, we conclude the motion and the files and records of

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

the case conclusively show Kitterman was not entitled to relief. See Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir. 1992) (standard of review).

Kitterman's double-jeopardy arguments are foreclosed for the reasons set forth in United States v. Ursery, 116 S. Ct. 2135, 2148-49 (U.S. 1996) (holding civil forfeitures under 21 U.S.C. § 881 (a)(6) and (7) are neither "punishment" nor criminal for purposes of Double Jeopardy Clause), and United States v. One 1970 36.9' Columbia Sailing Boat, No. 95-3158, 1996 WL 403038, at *3-4 (8th Cir. July 19, 1996) (holding Ursery applies to forfeitures under § 881(a)(4)). We agree with the District Court that Kitterman procedurally defaulted his mandatory-minimum-sentence claims. See Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam) (§ 2255 relief not available to correct errors that could have been raised at sentencing or on direct appeal, absent showing of cause and prejudice or actual innocence). We need not consider Kitterman's argument that his attorney was ineffective for not raising the mandatory-minimum-sentence claims on direct appeal, because Kitterman did not make this argument below. See Thomas v. United States, 27 F.3d 321, 325 (8th Cir. 1994). Finally, we conclude Kitterman abandoned the other claims he raised below, because he did not address them in his opening appellate brief. See Fed. R. App. P. 28(a).

Accordingly, we affirm.

A true copy.

Attest:

    CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-