_____

No. 96-1833
_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *  Appeal from the United States
    v.                              *  District Court for the
                                    *  District of Nebraska.
Wendell Lee Johnson,                *
                                    *       [UNPUBLISHED]
          Appellant.                *

_____

                    Submitted:  October 7, 1996

                       Filed:  October 10, 1996
                             _____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
                             _____

PER CURIAM.


     Wendell Lee Johnson appeals the district court's[1] denial of his
motion to vacate his conviction as violative of the Double Jeopardy Clause
pursuant to 28 U.S.C. § 2255.  Johnson asserted that his property was
forfeited prior to his conviction and sentence, and that his failure to
raise this double jeopardy claim in his direct criminal appeal was due to
the ineffective assistance of his counsel.  We conclude that Johnson's
double jeopardy claim is foreclosed for the reasons set forth in United
States v. Ursery, 116 S. Ct. 2135, 2148-49 (1996) (holding civil
forfeitures under 21 U.S.C. § 881(a)(6) and (7) are neither "punishment"
nor criminal for purposes of double jeopardy), and United States v. One
1970

_____

     [1]The Honorable Lyle E. Strom, United States District Judge for
the District of Nebraska.

<u>36.9' Columbia Sailing Boat</u>, 91 F.3d 1053, 1056-57 (8th Cir. 1996) (holding <u>Ursery</u> applies to forfeitures under section 881(a)(4)).  We also agree with the district court that Johnson's ineffective assistance claim fails, as he was not prejudiced by his counsel's failure to raise a meritless double jeopardy claim.  <u>See</u> <u>Dyer v. United States</u>, 23 F.3d 1424, 1426 (8th Cir. 1994).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.