99 F.3d 1144
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Wendell Lee JOHNSON, Appellant.
 No. 96-1833.
 United States Court of Appeals, Eighth Circuit.
 Submitted Oct. 7, 1996
Filed Oct. 10, 1996
 
 Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Wendell Lee Johnson appeals the district court's[1] denial of his motion to vacate his conviction as violative of the Double Jeopardy Clause pursuant to 28 U.S.C. § 2255. Johnson asserted that his property was forfeited prior to his conviction and sentence, and that his failure to raise this double jeopardy claim in his direct criminal appeal was due to the ineffective assistance of his counsel. We conclude that Johnson's double jeopardy claim is foreclosed for the reasons set forth in United States v. Ursery, 116 S.Ct. 2135, 2148-49 (1996) (holding civil forfeitures under 21 U.S.C. § 881(a)(6) and (7) are neither "punishment" nor criminal for purposes of double jeopardy), and United States v. One 1970 36.9' Columbia Sailing Boat, 91 F.3d 1053, 1056-57 (8th Cir.1996) (holding Ursery applies to forfeitures under section 881(a)(4)). We also agree with the district court that Johnson's ineffective assistance claim fails, as he was not prejudiced by his counsel's failure to raise a meritless double jeopardy claim. See Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir.1994).
 
 
 2
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska