**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Susan D. BIERI; Leonard Bieri,
III, Defendants–Appellees.**

No. 95–1234.

United States Court of Appeals,
Eighth Circuit.

Submitted June 15, 1995.

Decided Oct. 13, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied Dec. 7, 1995.*

---

\* Chief Judge Arnold, Judges McMillian, Beam, Loken and Murphy would grant the suggestion for rehearing en banc.

Richard Monroe, Assistant U.S. Attorney, Springfield, Missouri, argued, for appellant.

James Wyrsch of Kansas City, Missouri, argued (Cheryl A. Pilate, on the brief), for appellees.

Before WOLLMAN, JOHN R. GIBSON, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

This is an appeal after remand of a criminal forfeiture case under 21 U.S.C. § 853(a)(2) (requiring forfeiture of the whole of a person's property when that person used any part or all of it to commit or to facilitate drug trafficking offenses). In our prior opinion, we reversed the district court's order to forfeit only part of the Bieris' farm and remanded for further proceedings, concluding that the whole farm should be forfeited unless on remand the district court found that forfeiture of the whole violates the Excessive Fines Clause of the Eighth Amendment. *See United States v. Bieri*, 21 F.3d 819 (8th Cir.), *cert. denied*, — U.S. —, 115 S.Ct. 208, 130 L.Ed.2d 138 (1994). On remand, the district court ordered no forfeiture, and the government now appeals. We reverse and remand with directions to the district court to enter an order forfeiting the entire farm.

## I. Background.

Susan and Leonard Bieri were charged in count I, count II, and count III of a superseding indictment with federal drug trafficking and firearm offenses and were charged in count IV with using real property to commit or to facilitate their drug trafficking offenses (criminal forfeiture). Following a bench trial, the district court convicted the Bieris on counts I and II (the drug trafficking offenses). We affirmed the Bieris' convictions and sentences on appeal. *See Bieri*, 21 F.3d at 825.

The district court also ordered criminal forfeiture of some of the real property charged in count IV, specifically finding that the parcel of land where the defendants' house and barn are located (tract four of the four-tract dairy farm) was used to commit or to facilitate the commission of the Bieris' drug trafficking offenses. *See* 21 U.S.C. § 853(a)(2). The district court ordered forfeiture of only tract four. In a separate

appeal, we reversed the district court's order of forfeiture and remanded for further proceedings. *United States v. Bieri*, 21 F.3d 819 (8th Cir.), *cert. denied*, — U.S. —, 115 S.Ct. 208, 130 L.Ed.2d 138 (1994). We noted that section 853(a)(2) mandates forfeiture of the whole "property" if any part of it is used to commit or to facilitate the drug trafficking offense. *Id.* at 823. We then determined that "property" under section 853(a)(2) is best defined not by historic land descriptions, but by the instruments that created the defendant's interest in the property. *Id.* at 823–24. Because the Bieris acquired the whole, four-tract, contiguous farm at a single time and in a single instrument, we concluded that the farm is one piece of "property" for purposes of criminal forfeiture and that the district court erred by considering each historically-described tract separately. *Id.* at 824. We held that section 853(a)(2), in this case, mandates forfeiture of the entire farm because part of it was used to commit or to facilitate a drug trafficking offense. *Id.*

We also noted in our prior opinion that criminal forfeiture is a fine within the meaning of the Eighth Amendment's Excessive Fines Clause. *Id.* (citing *Alexander v. United States*, — U.S. —, — – —, 113 S.Ct. 2766, 2775–76, 125 L.Ed.2d 441 (1993)). Accordingly, we determined that the district court must consider whether the criminal forfeiture amounts to an excessive fine; the district court could order forfeiture of less than the whole if necessary to tailor the forfeiture "to fit within the broad boundaries of constitutional proportionality." *Id.* In conclusion, we provided the district court with the following instructions:

> [We] remand to the district court for the entry of a judgment forfeiting the entire farm, unless the district court on remand determines that the forfeiture of the entire farm amounts to a constitutionally excessive fine under the Eighth Amendment, in which case the district court should enter such judgment of forfeiture as it deems in accord with the Constitution.

*Id.* at 825.

On remand, the district court held a hearing and took additional evidence. At the

conclusion of the hearing, the district court ruled from the bench, declaring no forfeiture whatsoever in this case. The district court first noted that it would have ordered probation in this case had it found a basis to do so under the Sentencing Guidelines, but because it found no basis for departure, it was required to sentence Susan Bieri to 51 months of imprisonment and Leonard Bieri to 57 months. In the district court's opinion, these terms of imprisonment are "enough penalty for the criminal activity associated with the property." (Hr'g Tr., Dec. 20, 1994, at 87.) The district court found it significant that the property was used as a residence as well as a business and that two minor children "are dependent somewhat upon that residence." (*Id.*) In conclusion, the district court stated as follows:

> I don't know why the Eighth Circuit sent the case back. There's no evidence as to the value of any particular tract—there were four tracts. Tract four where the house and barn was [sic] located was forfeited at the time of sentence and I felt that was appropriate because that's where the drugs were being stored. Obviously that was not appropriate. As a normal rule, any time a fine is imposed within the statute or no fine is imposed, it's discretionary with the trial court. I don't know whether that's true in regard to a forfeiture or not but I'm going to test it.
>
> It's the judgment of the Court that no forfeiture of the defendants' farm be declared in this case.

(*Id.* at 88–89.) The following day, the district court filed a written order supplementing the findings made at the hearing. In the written order, the district court found "that the reasonable value of the defendants' farm is not less than $245,000," and "that it would be in the best interests of the children that they be permitted to remain at the residence which is located on the farm." (Appellant's App., Tab S, at 79.)

The government appeals, contending that the district court failed to follow the instruction of our prior opinion either to forfeit the whole farm, or in the alternative, to forfeit such portion of the farm as the Constitution will allow upon express factual findings supporting a determination that forfeiture of the whole would constitute an excessive fine.

## II. Discussion.

The express basis for the district court's decision to order no forfeiture upon remand was the district court's determination that forfeiture is discretionary, akin to the decision of whether to award a statutory fine. We do not agree with this assessment.

■ To determine whether property is forfeitable under 21 U.S.C. § 853(a)(2),[1] the district court's only inquiry is whether the defendant used the property "in any manner or part" to commit or to facilitate a drug trafficking offense. If so, criminal forfeiture under this statute is mandatory, not discretionary. *See* 21 U.S.C. § 853(a) (mandating that the person "shall forfeit" and the court "shall order .. that the person forfeit to the United States all property described in this subsection"). The district court at sentencing clearly found that the Bieris used parts of their dairy farm to facilitate their drug trafficking offenses. Thus, the entire farm was forfeitable under section 853(a), and the mandatory language of the statute does not leave forfeiture to trial court discretion. *See Bieri,* 21 F.3d at 824.

■ To sustain forfeiture of less than the whole in this circumstance, the Constitution

---

1. Section 853(a) states in part as follows:

   (a) Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year *shall forfeit* to the United States ...
   (1) any property constituting ... proceeds ...;
   (2) any of the person's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of, such violation; and

   (3) in the case of a person convicted of engaging in a continuing criminal enterprise ... any interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.
   The court, in imposing sentence on such person, *shall order,* in addition to any other sentence imposed pursuant to this subchapter or subchapter II of this chapter, that the person *forfeit* to the United States *all property* described in this subsection....
   21 U.S.C. § 853(a) (emphasis added).

imposes an additional layer of analysis. The Eighth Amendment prohibits the government from imposing excessive fines. The Supreme Court has plainly announced that criminal forfeiture, which is an *in personam* proceeding, is "clearly a form of monetary punishment no different, for Eighth Amendment purposes, from a traditional 'fine.'" *Alexander,* —— U.S. at ——–——, 113 S.Ct. at 2775–76. Thus, courts must engage in a fact-intensive analysis under the Eighth Amendment Excessive Fines Clause to ensure that the forfeiture is not an excessive penalty, and courts may forfeit less than what the statute requires if necessary "to preserve the forfeiture by tailoring it to fit within the broad boundaries of constitutional proportionality." *Bieri,* 21 F.3d at 824.

Although the Supreme Court has declined to establish a multifactor test for determining when a fine is unconstitutionally excessive, *see Austin v. United States,* —— U.S. ——, ——, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488 (1993), our cases give some guidance. Preliminarily, "the defendant has the initial burden of making a prima facia showing of 'gross disproportionality.'" *United States v. Alexander,* 32 F.3d 1231, 1235 (8th Cir.1994) (*Alexander II*) (quoting *United States v. Sarbello,* 985 F.2d 716, 724 (3d Cir.1993)) (other citations omitted). Second, "'the [E]ighth [A]mendment demands that a constitutionally cognizable disproportionality reach such a level of excessiveness that in justice the punishment is more criminal than the crime.'" *Id.* at 1237 (alterations in original) (quoting *Sarbello,* 985 F.2d at 724).

■ To determine whether the facts indicate gross disproportionality, the district court must consider multiple factors, including the extent and duration of the criminal conduct, the gravity of the offense weighed against the severity of the criminal sanction, and the value of the property forfeited. *Id.* at 1235–36; *see also Bieri,* 21 F.3d at 824 (stating court must evaluate "all the circumstances of the illegal activity including the extent of the defendants' criminal drug activities and the amount of time that they conducted those activities"). "'Other helpful inquiries might include an assessment of the personal benefit reaped by the defendant, the

defendant's motive and culpability and, of course, the extent that the defendant's interest and the enterprise itself are tainted by criminal conduct.'" *Alexander II,* 32 F.3d at 1236–37 (quoting *Sarbello,* 985 F.2d at 724). This multifactor approach does not provide an exhaustive list of factors, but it provides a helpful framework for analysis which will necessarily vary from case to case. *See id.* at 1237.

■ In the present case, as already noted, the district court on remand ordered no forfeiture at all. We must determine whether the district court properly performed an Eighth Amendment analysis to justify the order of no forfeiture. At the remand hearing, the district court stated that some factors to consider in determining whether or not a forfeiture is excessive are (1) the value of the property, (2) the criminal activity associated with the property, (3) the effect of property on innocent occupants, and (4) whether the property is used as a residence. (*See* Hr'g Tr., Dec. 20, 1994, at 86.) Thus, the district court expressly considered the Eighth Amendment analysis and made relevant fact-findings concerning the criminal sanctions imposed, the value of the farm, and its importance as a residence for the Bieris' innocent minor children. The district court's order of no forfeiture, however, lacks an express conclusion that on the basis of these facts, forfeiture of the whole farm would constitute an excessive fine in violation of the Eighth Amendment. Rather, it rests upon a purported exercise of discretion which did not and does not exist. Based upon our review of the facts found by the district court and of the record, as articulated below, we hold that the district court's order of no forfeiture is not justified by the Eighth Amendment.

The record indicates that the extent and duration of the criminal conduct in this case was not minimal. The conspiracy to possess and to distribute marijuana lasted nearly two years, and the Bieris' farm, though not used solely for illicit purposes, was integral to the marijuana distribution conspiracy as it provided cover, storage, and a center of distribution for the illegal activity. Throughout this period, the Bieris distributed from their

farm, or possessed at their farm with the intent to distribute, a total of 85 kilograms of marijuana, which had a wholesale price of $1,250 per pound. Thus, the wholesale value of marijuana involved in the conspiracy totalled approximately $233,750.

Weighing the gravity of the offenses against the severity of the criminal sanctions, we find no great imbalance. The Bieris do not deny that their offenses of conspiracy to distribute and to possess with intent to distribute a large amount of marijuana were significant. We note that their continuing criminal conduct was intentional and willful. The Bieris received sentences of imprisonment totalling 51 months for Susan and 57 months for Leonard, which were at the bottom of the applicable Sentencing Guidelines ranges. Together, the Bieris were subject to fines of up to six million dollars, yet the district court imposed no fines.

The district court found that the value of the farm was worth no less than $245,000 at the time of the Bieris' arrest. This amount is roughly equal to the wholesale value of the marijuana that was brought to the farm or distributed from the farm during the life of the conspiracy ($233,750). We find this to be convincing evidence that forfeiture of the entire farm is not grossly disproportionate to the criminal conduct.

The district court evidently gave great weight to the impact of forfeiture on the Bieris' children. The Bieris urge us to consider the intangible value of the property, including the fact that it is a residence and that the forfeiture will have an adverse impact upon their two minor children, when considering the proportionality of the forfeiture, citing *United States v. One Parcel of Real Property Located at 9638 Chicago Heights, St. Louis*, 27 F.3d 327, 330–31 (8th Cir.1994) (indicating in dicta that district court should consider that the property is a residence and the effect of forfeiture on innocent occupants and children). The government, on the other hand, argues that we ought not make value judgments based upon intangibles or different lawful uses of property.

We conclude that the dicta in *Chicago Heights* enumerating intangible factors, in-

cluding the property's character as a residence or the effect of forfeiture on innocent occupants and children, may be relevant to the Eighth Amendment analysis in some cases. This may be true in civil *in rem* forfeiture cases where the owner has not been convicted of any crime. *See United States v. Real Property at 6625 Zumirez Drive*, 845 F.Supp. 725 (C.D.Cal.1994) (forfeiture of residence was found to be excessive where property owner was acquitted of state criminal drug charges). However, especially in criminal *in personam* forfeiture, the property's character as a residence and the effect of forfeiture on innocent occupants are factors whose importance diminishes as the duration and extent of the defendant's culpability and use of the property to facilitate criminal conduct rises. "It is in the light of the extensive criminal activities which [defendants] apparently conducted through this [criminal] enterprise over a substantial period of time that the question of whether or not the forfeiture [is] 'excessive' must be considered." *Alexander*, ——— U.S. at ———, 113 S.Ct. at 2776. Our multifactor approach to the proportionality analysis allows for this type of weighing and balancing, which will necessarily vary with the specific facts of each case.

In this case, both parents knowingly and willfully used the family dairy farm, including the residence of the children, to successfully conceal their marijuana distribution operation for nearly two years before their arrest. The effect of forfeiture certainly will be a hardship on the children. In reality, however, both parents are now in jail, and the children cannot remain on the farm by themselves. Children are not dependent on a residence, but on their parents. Here, the parents chose to engage in highly illegal conduct grossly inimical to the best interests of their children, purposefully using the children's home to do so. Their current concern for the children's best interests rings hollow given their prior willingness to use the children's home with the children living in it as a wholesale drug distribution center. While we have no doubt that the children are very attached to the farm, we cannot consider the intangible value of the farm in isolation from

the culpability of both parents. We conclude that the parents' culpability in this case far outweighs the intangible value of the property and that the adverse effect of forfeiture on the children does not render the forfeiture unconstitutionally excessive.

■ We bear in mind that the essential inquiry for purposes of *in personam* criminal forfeiture is "whether the value of the property being forfeited is an excessive monetary punishment in relation to the offense giving rise to the forfeiture." *United States v. Wild,* 47 F.3d 669, 676 (4th Cir.), *cert. den.,* —— U.S. ——, 116 S.Ct. 128, 133 L.Ed.2d 77 (1995). The record does not support the Bieris' assertion of gross disproportionality arising from the forfeiture of their whole farm, and allowing the government to extract a fine in the amount of this forfeiture is not " 'more criminal than the crime.' " *Alexander II,* 32 F.3d at 1237 (quoting *Sarbello,* 985 F.2d at 724). In our view, it cannot be excessive in a constitutional sense to take tainted property from criminals when that property is roughly equal in value to the total dollar volume of the criminal activity the criminals conducted or facilitated by using the property, and which property is worth far less than the legislatively authorized statutory fines. *See United States v. Myers,* 21 F.3d 826, 830 (8th Cir. 1994) (noting that, given the broad language of § 853(a) and large monetary fines authorized by Congress, "a successful proportionality challenge to criminal forfeiture will be a rare occasion"), *cert. denied,* —— U.S. ——, 115 S.Ct. 742, 130 L.Ed.2d 643 (1995); *see also United States v. Libretti,* 38 F.3d 523, 531 (10th Cir.1994) (holding forfeiture within statutory fine not excessive), *cert. granted,* —— U.S. ——, 115 S.Ct. 1398, 131 L.Ed.2d 287 (1995).

### III. Conclusion.

The district court's decision not to forfeit the farm was not justified by the district court's findings of fact or by the Eighth Amendment. We conclude that forfeiture of the entire farm is required by section 853(a)(2), and that this forfeiture is not an excessive fine in violation of the Eighth Amendment. Accordingly, we reverse the order of the district court and remand, directing the district court to enter an order declaring forfeiture of the entire farm.

JOHN R. GIBSON, Circuit Judge, dissenting.

I respectfully dissent. In the first appeal of this case we remanded to the district court with directions to conduct an analysis under the excessive fines clause of the Eighth Amendment with respect to the forfeiture of the farm. It is evident that the district court's order does not do so. I would simply remand the case to the district court once again with directions to conduct such an analysis. I do not believe that our court should conduct such an analysis on the record before us. I think the district court's analysis should take into consideration the inquiry outlined in *United States v. Alexander,* 32 F.3d 1231, 1235–37 (8th Cir.1994), and *United States v. 9638 Chicago Heights,* 27 F.3d 327, 331 (8th Cir.1994).