# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 96-2603

————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Premises Known as 6040 | * | |
| Wentworth Avenue South, | * | |
| Minneapolis, Hennepin County, | * | |
| Minnesota, with all | | *Appeal from the United States |
| appurtenances thereto and all | * | District Court for the |
| proceeds from its sale or | * | District of Minnesota |
| transfer, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| David John Hanson; Rose Mary | * | |
| Hanson, | * | |
| | * | |
| Appellants. | * | |

————————

Submitted:   February 14, 1997

Filed:        August 25, 1997

————————

Before McMILLLIAN, JOHN R. GIBSON and FAGG, Circuit Judges.

————————

McMILLIAN, Circuit Judge.

This appeal involves a civil forfeiture proceeding, brought pursuant to 21 U.S.C. § 881(a)(7),[1] against certain real property which was purportedly involved in the manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1). The owners of the defendant property, David Hanson and Rose Hanson (together "the claimants"), appeal from a final order entered in the United States District Court[2] for the District of Minnesota granting summary judgment in favor of the United States (the government) in the forfeiture proceeding. United States v. Premises Known as 6040 Wentworth Avenue South, No. 4-93-CV-536 (D. Minn. May 2, 1996) (adopting the report and recommendation of the magistrate judge). For reversal, the claimants argue that the district court erred in holding that the forfeiture of the defendant property did not constitute an excessive fine under the Eighth Amendment's excessive fines clause.[3] For the reasons discussed below, we affirm the order of the district court.

---

[1]21 U.S.C. § 881(a)(7) provides, in pertinent part:

The following shall be subject to forfeiture to the United States and no property right shall exist in them:

. . . .

(7) All real property . . . which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a [drug-related crime] punishable by more than one year's imprisonment . . . .

[2]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

[3]"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. Const. amend. VIII.

-2-

# I. Background

The facts of this case are undisputed.  On May 9, 1993, a private citizen observed David Hanson cultivating a marijuana crop on private property located in Blakely Township, Minnesota, which was being watched by the private citizen on behalf of the absent owner.  When confronted, David Hanson offered the private citizen a portion of the crop if he would not contact the police.  The private citizen refused the offer and subsequently notified the police.  The police arrived and, following an investigation, arrested David Hanson for being in possession of marijuana cuttings and plants which were found inside of plastic bags recently delivered to the cultivation site.  The police seized a total of thirty marijuana plants at the cultivation site.  Following David Hanson's arrest, a warrant was obtained to search his personal residence located at 6040 Wentworth Avenue South, Minneapolis, Minnesota.  The warrant was executed that day, and the police seized:  approximately 265 growing marijuana plants, 200 of which were "cuttings"[4]; 138 bags of marijuana weighing a total of 6.6 pounds; discarded bags of dried marijuana leaves and stems; a cache of drug paraphernalia, including drug packaging materials, grow lights, scales, and fertilizer; and a key payment notice for a safety deposit box in the claimants' names.  The police also seized hand-rolled marijuana cigarettes from Rose Hanson's purse.  The police subsequently executed a search, pursuant to a search warrant, of the safety deposit box and found nearly $40,000.

David Hanson was indicted on October 6, 1993, on three counts: (I) knowingly and intentionally manufacturing approximately thirty marijuana plants at the property located in Blakely Township, Minnesota, in violation of 21 U.S.C. § 841(a)(1); (II) knowingly and intentionally manufacturing approximately 265 marijuana plants at

---

[4]"Cuttings" are small segments of a growing plant which have been cut from the plant and replanted in a relatively small amount of soil.  The cuttings seized by the police were between three and eight inches in height.

his residence at 6040 Wentworth Avenue South, in violation of 21 U.S.C. § 841(a)(1); and (III) knowingly and intentionally possessing with intent to distribute approximately 6.6 pounds of marijuana in violation of 21 U.S.C. § 841(a)(1). He pleaded guilty to Count I, and the government dismissed Counts II and III. Pursuant to the plea agreement, the government reserved the right to refer to Counts II and III as relevant conduct for sentencing purposes and David Hanson reserved the right to argue that such conduct referenced in Counts II and III was not relevant. After considering such conduct as relevant conduct, the district court sentenced David Hanson on Count I on May 13, 1994, to forty-six months of imprisonment, followed by three years of supervised release. The district court did not impose a fine because of David Hanson's inability to pay.

On June 1, 1993, several months before David Hanson was indicted, this civil forfeiture proceeding was commenced against the defendant property known as 6040 Wentworth Avenue South. On August 11, 1994, the claimants filed with the district court a stipulation to concede probable cause for the seizure of the defendant property, pursuant to 21 U.S.C. § 881(a)(7). However, the claimants did contest: whether the search warrant executed at the defendant property on May 9, 1993, was supported by probable cause; whether the forfeiture of the defendant property would violate the double jeopardy clause of the Fifth Amendment; and whether the forfeiture of the defendant property would violate the excessive fines clause of the Eighth Amendment. The parties filed cross-motions for summary judgment on those issues.

The case was referred to a magistrate judge,[5] who recommended that the claimants' summary judgment motion be denied and that summary judgment be granted in favor of the government. United States v. Premises Known as 6040 Wentworth Avenue South, No. CIV. 4-93-536, 1996 WL 260745, at *7 (D. Minn. Feb. 1, 1996)

---

[5]The Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota.

(report and recommendation) (<u>6040 Wentworth</u>).  The magistrate judge held as a matter of law that:  David Hanson is collaterally estopped from challenging the adequacy of probable cause because the issue was adjudicated during his prior criminal proceedings and Rose Hanson's challenge should be rejected because there was a substantial basis for a finding of probable cause to search the residence, <u>id.</u> at *3-4; the claimants' double jeopardy rights have not been infringed, <u>id.</u> at *5; and the forfeiture of the defendant property does not violate the excessive fines clause, <u>id.</u> at *7.  The district court adopted the magistrate judge's report and recommendation.  <u>United States v. Premises Known as 6040 Wentworth Avenue South</u>, No. 4-93-CV-536 (D. Minn. May 2, 1996).  The claimants appealed.

## II. Discussion

We review a grant of summary judgment <u>de novo</u> and will affirm only if the record, viewed in the light most favorable to the claimants, shows that there is no genuine issue of material fact and that the government is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); <u>see, e.g.</u>, <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Thomas v. Gunter</u>, 103 F.3d 700, 702 (8th Cir. 1997).  Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate.  <u>Crain v. Board of Police Comm'rs</u>, 920 F.2d 1402, 1405-06 (8th Cir. 1990). We review the district court's determination of the excessive fines issue "based upon the analysis and record finally developed by the district court."  <u>United States v. One 1970 36.9' Columbia Sailing Boat</u>, 91 F.3d 1053, 1057 (8th Cir. 1996) (reviewing grant of summary judgment).

In light of <u>United States v. Ursery</u>, 116 S. Ct. 2135 (1996), which was decided approximately one month after the claimants filed their notice of appeal and held that civil forfeitures do not violate the double jeopardy clause of the Fifth Amendment, the claimants abandoned their double jeopardy argument.  Instead, the claimants argue that the civil forfeiture of their home violates the excessive fines clause of the Eighth

-5-

Amendment.  Specifically, they argue that the magistrate judge erred in relying upon United States v. Bieri, 68 F.3d 232, 236 (8th Cir. 1995), cert. denied, 116 S. Ct. 1876 (1996), in holding that the claimants failed to satisfy their preliminary burden of making a prima facie showing of "gross disproportionality," see 6040 Wentworth, 1996 WL 260745, at *7, because a showing of gross disproportionality is required only in cases involving criminal forfeitures.  The claimants maintain that they were not required to show that the civil forfeiture of their residence is grossly disproportionate to the crime for which David Hanson was convicted.  They further argue that the forfeiture is excessive because Rose Hanson was neither indicted nor convicted of any offense and was therefore an innocent occupant.  The claimants rely upon United States v. Real Property Located at 6625 Zumirez Drive, 845 F. Supp. 725, 732 (C.D. Cal. 1994) (Zumirez), in which the court applied "a multifactor test that focuses on an evaluation of the relationship of the property to the alleged offense, rather than an analysis of the property's actual monetary value."  The Zumirez court weighed three factors to determine whether a civil forfeiture violated the excessive fines clause:  (1) the inherent gravity of the offense compared with the harshness of the penalty; (2) whether the property was an integral part of the commission of the crime; and (3) whether the criminal activity involving the defendant property was extensive in terms of time or spatial use or both.  Id.  The claimants argue that, in weighing these factors, the forfeiture is excessive in the present case because the defendant property is the home of the claimants and Rose Hanson is an innocent occupant.

We reject the claimants' argument that civil forfeiture cases and criminal forfeiture cases require different analyses under the excessive fines clause.  See, e.g., United States v. One 1970 36.9' Columbia Sailing Boat, 91 F.3d at 1057 (relying upon Bieri for excessiveness analysis in civil forfeiture case under § 881(a)(4), which court analogized to § 881(a)(7)); cf. United States v. Ursery, 116 S. Ct. 2135, 2147 (1996) (distinguishing between civil and criminal forfeitures for purposes of the Fifth Amendment's double jeopardy clause).  The Supreme Court has declined to establish a multifactor test for determining whether a forfeiture is constitutionally excessive,

leaving that determination to the lower courts to consider in the first instance.  Austin v. United States, 509 U.S. 602, 622-23 (1993).  This circuit has developed a two-pronged approach for analyzing the excessiveness question.

> Preliminarily, "the defendant has the initial burden of making a prima facie showing of 'gross disproportionality.'  Second, "'the [E]ighth [A]mendment demands that a constitutionally cognizable disproportionality reach such a level of excessiveness that in justice the punishment is more criminal than the crime.'"

> To determine whether the facts indicate gross disproportionality, the district court must consider multiple factors, including the extent and duration of the criminal conduct, the gravity of the offense weighed against the severity of the criminal sanction, and the value of the property forfeited.  "Other helpful inquiries might include an assessment of the personal benefit reaped by the defendant, the defendant's motive and culpability and, of course, the extent that the defendant's interest and the enterprise itself are tainted by criminal conduct."  This multifactor approach does not provide an exhaustive list of factors, but it provides a helpful framework for analysis which will necessarily vary from case to case.

Bieri, 68 F.3d at 236 (citations omitted).  While there are few cases interpreting the excessive fines clause, it is clear that this court "require[s] proof of 'gross disproportionality,' an excessiveness so great that 'the punishment is more criminal than the crime.'"  United States v. Hines, 88 F.3d 661, 664 (8th Cir. 1996) (relying upon forfeiture cases in analyzing fine imposed at sentencing under excessive fines clause) (citations omitted).  In United States v. One 1970 36.9' Columbia Sailing Boat, this court held that, considering the specific facts of that case, including the extent of the criminal wrongdoing, the value of the property forfeited, and the amount of time the property owner engaged in illegal activity, the claimant failed to make a prima facie

showing of gross disproportionality and, therefore, the civil forfeiture was not excessive.  91 F.3d at 1057-58.  In <u>United States v. One Parcel of Real Property, Located at 9638 Chicago Heights</u>, 27 F.3d 327, 331 (8th Cir. 1994), while declining to determine whether the civil forfeiture involved was excessive because the seizure of the defendant property violated the claimant's Fifth Amendment due process rights, this court disapproved of the district court's excessiveness analysis because it failed to "consider the monetary value of the property, the extent of the criminal activity associated with the property, the fact that the property was a residence, the effect of the forfeiture on innocent occupants of the residence, including children, or any other factors that an excessive fine analysis might require."  Most recently, this court summarized the two-part analysis set forth in <u>Bieri</u>, holding that gross disproportionality is determined by comparing "the extent and duration of [a claimant's] criminal activities with the amount of property forfeited" and that only after a claimant has made a prima facie showing of gross disproportionality will the government's evidence of "just proportionality" be considered.  <u>United States v. Alexander</u>, 108 F.3d 853, 855 (8th Cir. 1997).

We hold that the magistrate judge did not err in requiring the claimants to show gross disproportionality or in holding, as a matter of law, that the forfeiture is not excessive.  Based upon the record before us, it is reasonable to infer that the claimants used their home in furtherance of a substantial enterprise for cultivating, storing, and distributing marijuana.  <u>See</u> <u>6040 Wentworth</u>, 1996 WL 260745, at *7.  The claimants' replanting of approximately 200 marijuana cuttings indicates the extent of the growing operation and the prolonged duration of the illegal activity.  Furthermore, given the quantities of marijuana found at the defendant property, the applicable statutory fine

would be $250,000 and the range of fines under the sentencing guidelines would be from $10,000 to $100,000. Moreover, the applicable guidelines range for David Hanson's conviction for manufacturing thirty marijuana plants is from $10,000 to $100,000. The value of the defendant property is approximately $60,000, which falls well within the applicable range.[6] See, e.g., Bieri, 68 F.3d at 238 (comparing, among other things, value of forfeited property with authorized statutory fine); United States v. 1181 Waldorf Drive, 900 F. Supp. 1167, 1173-74 (E.D. Mo. 1995) (comparing, among other things, value of forfeited property with range of fines under sentencing guidelines). While "we are mindful that the [d]efendant premises served as the [c]laimants' personal residence, . . . we are not faced with innocent occupants here, for all that transpired within that dwelling was undeniably accepted and condoned by both [c]laimants -- the concession of probable cause admits as much." 6040 Wentworth, 1996 WL 260745, at *7; see Bieri, 68 F.3d at 237 (parents' culpability outweighed intangible value of property and adverse effect of forfeiture on innocent children).

Furthermore, the factors which we have considered encompass those enumerated in Zumirez. In United States v. Real Property Located in El Dorado County at 6380 Little Canyon Road, 59 F.3d 974, 982 (9th Cir. 1995), the Ninth

---

[6]We note that the government's failure to present evidence of the value of the drugs seized is irrelevant in this case because the claimants failed to make a preliminary showing of gross disproportionality. We caution, however, that the value of the drugs can be a critical factor in considering the government's evidence of just proportionality. See United States v. Bieri, 68 F.3d 232, 238 (8th Cir. 1995), cert. denied, 116 S. Ct. 1876(1996)(comparing, among other things, value of forfeited property with total dollar volume of criminal activity in determining whether forfeiture was constitutionally excessive).

Circuit explained its excessiveness analysis as two-pronged:   (1) the property must have been an "instrumentality" of the crime (i.e. a "nexus" must exist between the property and the offense) and (2) the worth of the property must be "proportional" (i.e. not excessive) to the culpability of the owner.   The court further explained that, under the analysis, the government bears the burden of showing a substantial connection between the property and the offense (i.e. the first prong) and the claimant bears the burden of showing "that forfeiture of his property would be grossly disproportionate given the nature and extent of his criminal activity." Id. at 985 (citing Zumirez for the proposition that the claimant must show gross disproportionality).   Thus, even if we were to accept the claimants' argument that Zumirez sets forth the appropriate analysis, we would still hold that the magistrate judge did not err in requiring that the claimants make a showing of gross disproportionality.[7]

### III. Conclusion

The claimants failed to make a prima facie showing of gross disproportionality, and, therefore, the forfeiture in this case did not violate the Eighth Amendment's excessive fines clause.   Accordingly, we affirm the order of the district court granting summary judgment in favor of the government.

---

[7]A substantial connection between the property and the offense was established by the claimants' stipulation of probable cause to seize the defendant property.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.