**UNITED STATES of America, Plaintiff,**

v.

**FUNDS IN THE AMOUNT OF $170,926.00, Defendant.**

**No. 97 C 2104.**

United States District Court, N.D. Illinois, Eastern Division.

Nov. 25, 1997.

Matthew David Tanner, United States Attorney's Office, Chicago, IL, for U.S.

Sheldon Davidson, Michael Joseph Condron, Luka S. Misetic, Pedersen & Houpt, P.C., Chicago, IL, for claimant James Vaccaro.

Peter John Wifler, Joseph V. Salvi, Salvi, Salvi & Wifler, Lake Zurich, IL, for claimant Laura Vaccaro.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

On March 27, 1997, the United States filed a verified complaint for forfeiture against defendant funds in the amount of $170,926 ("funds"). The government alleges that from October 2 to October 20, 1995, James Vaccaro, one of the claimants in this action, withdrew the entire $65,000 balance of one checking account in amounts between approximately $6,000 and $9,000. The complaint further alleges that between September 27 and October 24, 1995, Vaccaro withdrew approximately $75,000 from a second checking account in amounts between $7,500 and $9,000. After opening a checking account in December 1995, Vaccaro allegedly made 20 cash deposits into this account in amounts between $5,900 and $9,800. The government alleges that all of these financial transactions were structured to evade the reporting requirements for cash transactions under 31 U.S.C. § 5313(a) and are therefore subject to forfeiture under 18 U.S.C. § 981(a)(1)(A).[1]

## I. Particularity

James Vaccaro brings a motion to dismiss under Fed.R.Civ.P. 12(b)(6). He asserts that the complaint does not sufficiently

---

1. Although the complaint cites 18 U.S.C. § 982(a)(1)(A), the government noted in it response to the motion to dismiss that 18 U.S.C. § 981(a)(1)(A), which applies to civil rather than criminal forfeitures, is the section it intended to cite.

allege that Vaccaro knew of the requirement requiring financial institutions to report transactions in the amount of $10,000 and that he knowingly structured his transactions to avoid this requirement. A complaint for forfeiture in rem is subject to the particularity requirements of Rule (E)(2)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Rule (E)(2)(a) states:

> In actions to which this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.

■ The court finds that the complaint sufficiently alleges that Vaccaro had knowledge of § 5313's currency reporting requirements. Although Rule(E)(2)(a) requires more specificity than Rule 8(a) notice pleading, the complaint contains adequate allegations to meet this heightened standard. The complaint states that the transactions at issue "were structured to evade the cash transactions reporting requirements of 31 U.S.C. § 5313(a)." A person cannot evade that which he knows nothing about. *United States v. One 1991 Chevrolet Corvette Convertible*, 969 F.Supp. 476, 480 (W.D.Tenn. 1997). Therefore, an allegation that claimant structured his transactions to evade reporting requirements adequately states that he was aware of the reporting requirements. As to the remainder of the allegations in the complaint, they detail the dates and amounts of each withdrawal and the person making the withdrawals. This provides more than adequate detail to enable a claimant to investigate the government's charges and frame a responsive pleading.

## II. Eighth Amendment Violation: Excessive Fines

In *Austin v. United States*, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), the Supreme Court held that civil forfeitures constitute punishment under the Eighth Amendment and therefore must pass muster under its Excessive Fines Clause. The court declined to provide a test or list of factors to consider when determining whether a forfeiture is excessive, expressly leaving this task to the lower courts. *Id.* at 622–23, 113 S.Ct. at 2812. A variety of tests have resulted, which can most simply be categorized as: 1) the instrumentality test, in which the item to be forfeited is an instrumentality of the crime; 2) the proportionality test, in which the court examines the worth of the property in relation to the claimant's culpability; and 3) the two-pronged test, which is a combination of the instrumentality and proportionality tests. *See United States v. 427 and 429 Hall St.*, 74 F.3d 1165, 1170 (11th Cir.1996).

Vaccaro claims that dismissal is required because the government fails to allege that the funds were derived from an illegal source or intended to be used for an illegal purpose. Therefore, he claims, forfeiture of the funds for a structuring offense is an excessive fine under the Eighth Amendment. As support for his argument that forfeiture here violates the Eighth Amendment, Vaccaro cites *United States v. Bajakajian*, 84 F.3d 334 (9th Cir.1996), *cert. granted*, —— U.S. ——, 117 S.Ct. 1841, 137 L.Ed.2d 1045 (1997). In *Bajakajian*, the Ninth Circuit applied the Excessive Fines Clause to a criminal forfeiture of $357,144. The defendant had pleaded guilty to failure to report currency to customs officials in violation of 31 U.S.C. §§ 5316(a)(1)(A) and 5322(a).[2] The currency was forfeitable pursuant to 18 U.S.C. § 982, the criminal forfeiture statute. *Id.* at 335. At sentencing, the district court struck all but $15,000 of the forfeiture as excessive, holding it disproportionate to the defendant's culpability. The court noted that the funds were derived from lawful sources and intended for lawful purposes. *Id.* at 336.

The Ninth Circuit affirmed on a different basis, holding that "(f)orfeiture of currency is unconstitutional when the crime to which the forfeiture is tied is a mere failure to report pursuant to 31 U.S.C. § 5316." *Id.* at 337–

---

**2.** The claimant has applied the holding in *Bajakajian*, which involved a failure to report currency, without qualification to this case, which involves alleged structuring to avoid reporting requirements. Although the court does not find that the two offenses are interchangeable, it also finds it unnecessary to discuss their differences at this time.

38. Under the Ninth Circuit's Excessive Fines Clause test, a forfeiture must be 1) an instrumentality of the crime; and 2) proportional to the culpability of the owner. *Id.* at 336. According to the Ninth Circuit, the currency that the defendant failed to report to customs officials could not be considered an instrumentality of the offense so a proportionality review was unnecessary. *Id.* at 338. Had the claimant appealed the $15,000 forfeiture the district court held appropriate, the Ninth Circuit stated that it would have held even that amount unconstitutional. *Id.* Vaccaro alleges that according to the holding in *Bajakajian,* the currency at issue here cannot be considered an instrumentality of the offense.[3]

■ The government opposes Vaccaro's motion on two grounds. First, it asserts that a determination that funds were legally or illegally obtained is inappropriate to raise in a motion to dismiss. Second, it states that *Bajakajian* is wrongly decided and should simply not be followed. Vaccaro responds that "the government again is attempting to forfeit funds derived from a legitimate source" and that dismissal is mandated because the court cannot allow the government to proceed with a cause of action that has been declared unconstitutional. The assertion that the funds are legitimately obtained is unsupported and beyond the scope of the complaint. Therefore, the conclusion that this action is unconstitutional is at best premature because it is based on evidence that is not part of the record. While it is true that the government has not included an allegation that the funds are derived from or intended to be used for illegal activity, it is not required to do so. This comports with

Seventh Circuit case law that the government's initial burden of proof in a civil forfeiture action is to establish probable cause that the property is subject to forfeiture. *United States v. $94,000,* 2 F.3d 778, 782 (7th Cir. 1993); *see also United States v. 1988 Oldsmobile Cutlass Supreme,* 983 F.2d 670 (5th Cir.1993) (involving § 5324 violations). The "ultimate burden then shifts to the claimant to prove by a preponderance of the evidence that the property is not subject to forfeiture." *$94,000,* 2 F.3d at 782–83.

■ The Seventh Circuit does not use the two-pronged Excessive Fines test that the Ninth Circuit applied in *Bajakajian.* Instead, it applies only an instrumentality test, directing that a forfeiture is not excessive unless the "connection between the offense and the property is 'incidental and fortuitous.' " *United States v. Plescia,* 48 F.3d 1452, 1462 (7th Cir.1995) (citing *United States v. 916 Douglas Ave.,* 903 F.2d 490, 493 (7th Cir.1990)). Developed in a drug forfeiture context, the test examines whether the property at issue falls within the ambit of the applicable statute, generally 21 U.S.C. § 881. The "incidental and fortuitous" standard has acted as a check on the statute itself, which covers, among other things, real property "used ... in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter." *See United States v. 5307 West 90th Street,* 955 F.Supp. 881, 884 (N.D.Ill.1996) (pointing out that the Seventh Circuit's "incidental and fortuitous" test is based on § 881(a)(7)'s "in any manner" language). The Seventh Circuit has continued to use this statute-based analysis when examining a forfeiture challenged under the Excessive Fines Clause. *Plescia,* 48 F.3d at

---

**3.** Claimant also cites as support *United States v. Dean,* 80 F.3d 1535 (11th Cir.1996), *opinion modified on reconsideration,* 87 F.3d 1212 (1996). The court agrees with the government's assessment that *Dean* does not hold that forfeiture of funds for failure to report is *per se* excessive under the Eighth Amendment when the funds are legally obtained. *Dean* dealt with whether the district court could modify the terms of a plea agreement. That the holdings in *Dean* and *Bajakajian* are dissimilar is evident in the fact that the Eleventh Circuit does not have an instrumentality prong in its Excessive Fines Clause test but instead applies only a proportionality analysis. *See United States v. One Parcel Property,* 74

F.3d 1165, 1170 (11th Cir.1996). It established this test based on its view that the forfeiture statutes themselves require the forfeitable property to be an instrumentality of the crime, so a similar prong under the Excessive Fines Clause test would be redundant. *Id.* at 1171, fn. 9. Therefore, *Dean* is not properly cited as support for the contention that the currency in a failure to report case is not an instrumentality of the crime; the Eleventh Circuit presumes instrumentality if the forfeiture meets the statutory requirements. Instead, the court examines whether a forfeiture *is disproportionate* to the particular facts of a case. *See United States v. Delgado,* 959 F.Supp. 1523 (S.D.Fla.1997).

1462. Its instrumentality analysis is therefore similar to the Eleventh Circuit's (described above in fn.2) in the sense that as long as the forfeitable property falls within the statutory language and the connection is not "incidental and fortuitous," the property is an instrumentality of the offense. Some courts apply instrumentality tests that also consider "the relationship between the offense and the property, the extent of the property's role in the offense, the role and culpability of the owner and the possibility of separating the 'offending' property from the remainder." 7 No. 11 Money Laundering L. Rep. 1 (citing United States v. Chandler, 36 F.3d 358, 365 (4th Cir.1994)).[4] Therefore, the government's burden is to allege in the complaint that the funds fall under § 981(a)(1)(A), which covers: "any property, real or personal, involved in a transaction or attempted transaction in violation of section [ ] 5324(a) of title 31." It has adequately done so.

Should the government meet its burden at summary judgment or trial, it is the claimant's burden to establish that the funds are legitimately obtained and to raise relevant constitutional challenges. Even in the cases Vaccaro cites as support, the government was not required to plead in the complaint that the funds were illegally obtained. The determination that the forfeitures were excessive was made after the trial court had the opportunity to assess the claimant's—not the government's—explanation for the funds. See Bajakajian at 335 (at sentencing after a bench trial); United States v. Dean, 80 F.3d 1535, 1537–38 (11th Cir.1996), opinion modified on reconsideration, 87 F.3d 1212 (1996) (at sentencing after oral argument). In a subsequent case within the Eleventh Circuit, the district court rejected "defendants' explanation regarding the source of and intended use for the seized currency" and considered one defendant's previous history of failing to report currency before holding that a forfeiture of $237,282 was not excessive. United States v. Delgado, 959 F.Supp. 1523, 1525 (S.D.Fla.1997).

Only if the government meets its burden and claimant subsequently establishes the legal nature of his funds would the court be required to decide the ultimate issue as claimant has posed it: whether legally obtained funds can be instrumentalities under § 981 for violations of § 5324. As to this point, the government asserts that the Ninth Circuit's instrumentality analysis in Bajakajian is incorrect. Vaccaro rejoins that the government has not articulated a persuasive reason why Bajakajian should not apply here. The fault with this argument is that while Vaccaro's recounting of Ninth Circuit law is indeed accurate, it is—as he points out—only persuasive authority for this court. The Ninth Circuit's view that currency in reporting cases is not an instrumentality of the offense is not universally accepted. See e.g., United States v. $145,139, 18 F.3d 73, 75 (2nd Cir.1994); United States v. Dean, 80 F.3d 1535; United States v. Delgado, 959 F.Supp. 1523. Although it has not directly addressed the issue of whether currency in a failure to report or structuring offense is an instrumentality of the offense, the Seventh Circuit has provided some guidance on this issue. In $94,000, the claimant alleged that the punitive nature of the civil forfeiture action should raise the government's burden of proof to that of a criminal action. $94,000, 2 F.3d at 782. The court declined to do so even though it noted that civil forfeitures could have harsh results. Id. at 783. It observed that " '(m)oney forfeited for violation of the currency reporting statute becomes an instrumentality of crime at the moment the traveler fails to declare it.' " Id. (quoting United States v. $145,139, 803 F.Supp. 592 (E.D.N.Y.1992), aff'd, 18 F.3d 73, 75 (2nd Cir.1994)). Although the claimant in $94,000 did not raise a constitutional challenge under the Eighth Amendment, the court did note that it was required under the Supreme Court's ruling in Austin to apply the Excessive Fines Clause to civil forfeitures.

---

4. The Seventh Circuit did note in Plescia that "even if we consider how much the property is worth, [claimant's] claim fails." Plescia, 48 F.3d at 1462. It then compared the claimant's equity in his home with the dollar amount of the drug deal he had arranged before finding that the forfeiture was not excessive. Id.

For the foregoing reasons, the government has met its burden to plead facts in the complaint that bring the funds within the requirements of § 981(a)(1)(A), which covers: "any property, real or personal, involved in a transaction or attempted transaction in violation of section [ ] 5324(a) of title 31."

ORDERED: Claimant's motion to dismiss is denied.