# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3556

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Leonard Bieri, III, | * | Western District of Missouri. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: November 14, 2008
Filed: December 5, 2008

_____

Before MELLOY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Leonard Bieri appeals the district court's[1] denials of his Federal Rule of Criminal Procedure 41(g) motion for return of property, his motion for reconsideration, and his "motion for ruling." We conclude that Bieri's Rule 41(g) motion was properly denied because, under the law-of-the-case doctrine, he was precluded from claiming lawful entitlement to the property in light of this court's prior decisions in United States v. Bieri, 21 F.3d 819, 820, 823-25 (8th Cir. 1994) (instructing district court to treat property as single unit under 21 U.S.C. § 853(a)),

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

and <u>United States v. Bieri</u>, 68 F.3d 232, 235, 238 (8th Cir. 1995) (holding that forfeiture under § 853(a) was warranted given district court's prior finding that property was used to facilitate drug-trafficking offenses; remanding for entry of forfeiture order). <u>See</u> <u>Jackson v. United States</u>, 526 F.3d 394, 396-97 (8th Cir. 2008) (review standard; noting that Rule 41(g) motion is properly denied if movant is not entitled to lawful possession of seized property or property is subject to forfeiture); <u>United States v. Huber</u>, 462 F.3d 945, 953 (8th Cir. 2006) (law-of-the-case doctrine requires trial court to follow decision of appellate court with respect to all issues addressed by that opinion). Moreover, upon careful review of Bieri's arguments, we conclude that no exception to the law-of-the-case doctrine is warranted. <u>See</u> <u>United States v. Bartsh</u>, 69 F.3d 864, 866 (8th Cir. 1995) (decision in prior appeal must be followed in later proceedings unless party introduces substantially different evidence or prior decision is clearly erroneous and works manifest injustice).

We also conclude that the district court properly dismissed Bieri's motion to reconsider because he was not entitled to an evidentiary hearing on his Rule 41(g) motion, <u>see</u> <u>United States v. Felici</u>, 208 F.3d 667, 670 (8th Cir. 2000) (district court need not hold evidentiary hearing when it is apparent that person seeking return of property is not lawfully entitled to own or possess property), and that the district court appropriately denied Bieri's "motion for ruling" because it raised issues that were moot.

Accordingly, we affirm. <u>See</u> 8th Cir. R. 47B.

_____

-2-