**UNITED STATES of America, Plaintiff,**

v.

**ONE PARCEL OF REAL ESTATE AT 321 S.E. 9TH COURT, POMPANO BEACH, FLORIDA, together with all appurtenances thereto and all improvements thereon, Defendant.**

No. 88–6171–CIV–PAINE.

United States District Court,
S.D. Florida.

Dec. 20, 1995.

Terrence C. Ayala, Asst. U.S. Atty., Ft. Lauderdale, Florida, for plaintiff.

Alvin E. Entin, Fort Lauderdale, Florida, for defendant.

### ORDER DENYING CLAIMANT'S SECOND MOTION TO DISMISS

PAINE, District Judge.

This matter is before the Court upon the Defendant's Second Motion to Dismiss this civil forfeiture action. Upon review of the motion, the file of this cause, and the applicable authority, the court enters the following order.

Because the Defendant's Motion to Dismiss relies upon exhibits which are beyond the four corner's of the Complaint, the motion before the court will be treated as a motion for summary judgment pursuant to Federal Rules of Civil Procedure 12(b) and 56. The court finds that the government has been given a reasonable opportunity to present all pertinent material, as anticipated by Rule 12(b).

### FACTS

In 1988, Norman Speck, the claimant and owner of the subject Defendant property in the present case, was indicted for violations of 21 U.S.C. § 841 and 846 and his residence was simultaneously seized by the government. The Claimant was acquitted on part of the criminal charges and plead guilty to other charges. While the criminal action was pending, the government initiated this forfeiture action against the residence, pursuant to 21 U.S.C. § 881. Upon the government's motion, the civil action was stayed pending disposition of the related criminal case. On June 4, 1992, the Defendant property was sold by the U.S. Marshal, pursuant to this court's order. The sale yielded $110,000 which was deposited into the registry of the court. After this case was erroneously closed by the clerk, it was dormant until the claimant asked that it be re-opened so that entitlement to the sale proceeds could be adjudicated. The court denied Defendant's First Motion to Dismiss on failure-to-prosecute grounds.

On October 23, 1995, upon Claimant's motion, the court reopened this case, thereby permitting this civil action to proceed on the merits. The Defendant then filed a Second Motion to Dismiss this action on two

grounds: 1) that the civil action violates the Double Jeopardy Clause of the Fifth Amendment and 2) that the civil penalty sought by the government in this civil action violates the Excessive Fines provision of the Eighth Amendment.

### General Summary Judgment Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986). There is no genuine issue for trial where the record could not lead a rational trier of fact to find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986).

■ The party seeking summary judgment bears the burden of demonstrating that no genuine dispute exists as to any material fact in the case. *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142, 154 (1970); *Clemons v. Dougherty County, Georgia,* 684 F.2d 1365, 1368 (11th Cir.1982). In determining whether a movant has met this burden, the court must review the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. *Adickes,* 398 U.S. at 157, 90 S.Ct. at 1608, 26 L.Ed.2d at 154. "Summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all evidence is viewed in the light most favorable to the non-moving party." *Morrison v. Washington County, Alabama,* 700 F.2d 678 (11th Cir.), *cert. denied,* 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983) (citing *Adickes,* 398 U.S. at 157, 90 S.Ct. at 1608, 26 L.Ed.2d at 154). When the non-moving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it has the burden of proof at trial, there is no genuine issue of material fact and summary judgment in favor of the movant is appropriate. *Schmelz v. Monroe County,* 954 F.2d 1540, 1543–44 (11th Cir.1992) (citing *Celotex Corp. v. Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53, 91 L.Ed.2d at 273). Once it is determined that there exists no genuine issue of material fact, the court must determine whether the moving party is entitled to judgment as a matter of law.

In the present case, the court must determine if the undisputed material facts constitute a legal finding of a constitutional violation of either the double jeopardy or excessive fines prohibition, thereby mandating dismissal of this action.

### FIFTH AMENDMENT DOUBLE JEOPARDY CLAIM

■ The Fifth Amendment to the Constitution provides that "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." The double jeopardy clause has been interpreted by the courts to protect a defendant from 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; 3) multiple punishments for the same offense. *Brown v. Ohio,* 432 U.S. 161, 164–66, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977); *United States v. Kaiser,* 893 F.2d 1300, 1303 (11th Cir.1990). In the present case, the Defendant contends that the government seeks to violate his constitutional protection against multiple punishments for the same offense.

■ In the seminal case of double jeopardy jurisprudence, *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), the Supreme Court conducted a proportionality analysis and held that a $130,000 civil fine was a punishment within the meaning of the double jeopardy clause and further was an overwhelmingly disproportionate assessment of punishment. However, the Court noted that multiple punishments arising out of one proceeding fall outside the scope of its analysis concerning the proportionality of a civil sanction. 490 U.S. at 450, 109 S.Ct. at 1903 ("[T]he decision [does not] prevent the government from seeking and

obtaining both the full civil penalty and the full range of statutorily authorized criminal penalties in the *same proceeding.*") [emphasis added]. Further, it is well established that Congress may provide for the imposition of multiple punishments for a single crime without violating the Constitution's double jeopardy restrictions. *See e.g., United States v. Woodward,* 469 U.S. 105, 105 S.Ct. 611, 83 L.Ed.2d 518 (1985) (Congress intended multiple punishment for actions involving both false statements to a government official and concealment of currency); *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983) (Where the legislature specifically authorized cumulative punishment under two separate statutes which proscribe the same conduct, cumulative punishment is permissible). It is also well established that a *single prosecution* seeking multiple punishments may be brought without double jeopardy implications. *See Ohio v. Johnson,* 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984) (double jeopardy does not prohibit the State from prosecuting respondent for multiple offenses in a *single prosecution* ).

 Accordingly, the threshold issue before us is whether the present civil forfeiture suit is part of the single, coordinated prosecution of persons involved in criminal activity. Interpreting *Halper,* this Circuit has held that circumstances of the simultaneous pursuit by the government of criminal and civil sanctions for the same conduct, "falls within the contours of a *single, coordinated prosecution.*" *U.S. v. One Single Family Residence,* 13 F.3d 1493, 1499 (11th Cir.1994) [emphasis added].

Under the facts of the present case, the court easily finds that the criminal and civil actions, although separately docketed as the law requires, were part of a single, coordinated prosecution. The Defendant real property was seized incident to Defendant's arrest on drug charges in 1988. Further, the fact that the government brought the two actions simultaneously, leads to the inescapable conclusion that the actions were part of a single coordinated prosecution.

Additional evidence that the criminal and civil matters constituted a single coordinated law enforcement effort is the fact that the government requested and the court agreed to stay the civil matter pending completion of the criminal matter. If the criminal and civil cases were unrelated, the court would not have agreed to stay one pending completion of the other.

There is no evidence or allegation in this case that the government breached the terms of the Defendant's plea agreement or otherwise promised not to pursue the then pending, but stayed civil matter. The fact that the government did not seek *additional* fines or penalties in the criminal matter does not alter the facts that the civil forfeiture was pending and that the Defendant was aware of its existence at the time he entered into the plea agreement with the government which did not provide for dismissal of the then-pending civil forfeiture.

Further, on the facts of this case where the government voluntarily entered into a plea agreement with the Defendant after having initiated civil forfeiture proceedings, it cannot be said that this is a type of "double jeopardy" case where the government was dissatisfied with the results of the criminal prosecution and later proceeded to impose an additional civil penalty.

Accordingly, it is clear that the present civil action and the related criminal action were part of a single, coordinated prosecution of the Defendant for the same drug crime. The court finds that the Defendant has failed to raise any meritorious double jeopardy challenge to the instant law suit and, therefore, the motion to dismiss on this ground must be denied and the action must proceed on the merits.

### EIGHTH AMENDMENT EXCESSIVE FINE CLAIM

 The Eighth amendment provides in pertinent part: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amdt. 8. The purpose of the Eighth Amendment was to limit the government's power to punish. *Browning–Ferris Industries v. Kelco Disposal, Inc.,* 492 U.S. 257 at 266–68, 272–74, 109 S.Ct. 2909 at 2916, 2919, 106 L.Ed.2d 219 (1989). The Excessive

Fines Clause limits the government's power to extract payments as punishment for an offense. *Austin v. U.S.,* 509 U.S. 602, ——, 113 S.Ct. 2801, 2805, 125 L.Ed.2d 488, 496–97 (1993), quoting *Browning–Ferris.* As a preliminary matter, the Supreme Court has held that a statutory *in rem* drug forfeiture proceeding pursuant to 21 U.S.C. § 881, constitutes a "payment to a sovereign as punishment for some offense," *Austin,* 509 U.S. at ——, 113 S.Ct. at 2812, 125 L.Ed.2d at 505, quoting *Browning–Ferris,* 492 U.S. at 264–66, 109 S.Ct. at 2915, and, therefore, such a proceeding is subject to the limitations of the Eighth Amendment's Excessive Fines Clause. *Id.*

■ The question in the present case, then, is whether the $110,000 forfeiture is constitutionally "excessive." In *Austin,* the Supreme Court expressly declined to establish a multi-factor test for determining whether a drug forfeiture is constitutionally excessive, leaving to the district courts the obligation to consider that question. *Austin,* 509 U.S. at ——, 113 S.Ct. at 2812, 125 L.Ed.2d at 505–06.

However, in a separate concurring opinion in *Austin,* Justice Scalia emphasized that statutory *in rem* drug forfeitures are 1) confiscations of property rights based on improper use of the property which require 2) that the owner not be innocent—that he have some degree of culpability for the "guilty" property. *Austin,* 509 U.S. at —— – ——, 113 S.Ct. at 2813–14, 125 L.Ed.2d at 506–07 (Scalia, J., concurring in part).

Unlike the *Austin* majority, Justice Scalia provided a well-reasoned excessiveness analysis to guide the district court in its determination of the constitutionality of a drug forfeiture. Noting that the drug forfeiture laws require only that the government show probable cause that the subject property was used for the prohibited purpose, and that the property owner bears the burden of showing, by a preponderance of the evidence, either that the use was made without his knowledge or that the property was not so used, Justice Scalia suggested that drug forfeitures are fixed, not by determining the appropriate value of the penalty in relation to the offense, but by determining what property has been

"tainted" by unlawful use. Concluding that the issue of the value of the property is irrelevant on this point, Justice Scalia stated:

> Scales used to measure out unlawful drug sales, for example, are confiscable whether made of the purest gold or the basest metal.... The question is not *how much* the confiscated property is worth, but *whether* the confiscated property has a close enough relationship to the offense.

*Austin,* 509 U.S. at ——, 113 S.Ct. at 2815, 125 L.Ed.2d at 509 (Scalia, J. concurring in part) [emphasis in original].

■ It is undisputed that the claimant-owner plead guilty to the marijuana charges and, therefore, absent additional evidence not in this record, it is easily established that he has some degree of culpability and is not an innocent owner. The fact that in light of his acquittal on the cocaine charges, he may be only "a little bit" culpable, beckons the analogy of a woman being "a little bit" pregnant. He is either culpable or he is not culpable. Absent extraordinary proof not presently in this record, the owner's guilty plea on the marijuana charges mandates a finding that he has *some* degree of culpability, thereby subjecting his property to forfeiture if the government can prove that it was used by him for the alleged illegal purposes. Therefore, the relevant inquiry in the present case to determine whether the forfeiture under § 881 is excessive, is whether the relationship of the property to the offense was close enough to render the property "guilty" and hence forfeitable. *Id.* The claimant, the moving party on this summary judgment motion, has simply not established undisputed facts with respect to the material and only relevant issue, *to wit* whether the property was used for the alleged unlawful purposes. Therefore, without undisputed facts regarding the use—or not—of the subject property for illegal purposes, this court cannot find that forfeiture of the property is excessive and in violation of the Eighth Amendment. If the property was not used at all for illegal purposes, forfeiture thereof would clearly be excessive. Or, if the property was used for an isolated drug sale, it may be that it cannot fairly be deemed an instrumentality of the offense so that forfeiture thereof would ex-

ceed the limits that the Eighth Amendment permits. *See, Austin,* 509 U.S. at —, 113 S.Ct. at 2815, 125 L.Ed.2d at 508–10 (Scalia, J., concurring in part). If, however, at trial the government proves a relationship between the property and the claimant's admitted illegal purposes, then the court must find that forfeiture thereof is appropriate and not excessive under the Eighth Amendment.

Additionally, the court finds that the amount of the civil forfeiture sought in this case is in the exact amount of the value of the property which was allegedly used for unlawful purposes. Therefore, if the government successfully establishes its allegations, it will be entitled to an award in the amount of the value of the "guilty" property, as anticipated by Congress when it enacted the drug forfeiture laws. While the amount of the fine may be high, this court cannot make a determination that it is excessive because Congress (through § 881) expressly authorized such a penalty and the Defendant (through his alleged use of the property for unlawful purposes) himself determined the amount of the forfeiture. Where the defendant himself, through his actions of using a $110,000 home for illegal purposes, determined the amount to be forfeited, it would be illogical to hold that the Defendant cannot forfeit that "excessive" amount which directly correlates to the value of the "guilty" property. If this were the law, then it would behoove drug dealers to invest in expensive instrumentalities to further their illegal drug activities, on the assumption that the more expensive the instrumentality, the less likely it is to be upheld as a constitutional forfeiture. Accordingly, the Defendant's Motion to Dismiss (converted to a motion for summary judgment) on Eighth Amendment grounds must also be denied.

Having found no constitutional violation, it is hereby

ORDERED and ADJUDGED that the Claimant's Motion to Dismiss which the court treated as a Motion for Summary Judgment is hereby DENIED. It is further

ORDERED and ADJUDGED that the Claimant's Motion for Protective Order which was mooted by the court's granting a continuance of the trial of this case, is hereby DENIED as moot.

DONE and ORDERED.