UNITED STATES of America, Plaintiff,

v.

ONE PARCEL OF PROPERTY LOCATED AT 1512 LARK DRIVE, AND LEGALLY DESCRIBED AS LOT TWO (2) IN BLOCK FOUR (4) OF MORNINGSIDE ADDITION TO THE CITY OF RAPID CITY, PENNINGTON COUNTY, SOUTH DAKOTA, with all Appurtenances and Improvements Thereon, Defendant.

Civ. No. 96–5093.

United States District Court,
D. South Dakota,
Western Division.

Sept. 22, 1997.

LeAnn Larson LaFarve, Asst. U.S. Atty., Sioux Falls, SD, for Plaintiff.

Gary G. Colbath, Jr., Banks, Johnson & Colbath, Rapid City, SD, Lee C. "Kit" McCahren, Olinger, Lovald, Robbennolt & McCahren, Pierre, SD, for Defendant.

## ORDER

BATTEY, Chief Judge.

### PROCEDURAL HISTORY

Plaintiff United States of America has filed a complaint for civil forfeiture of the property known as 1512 Lark Drive.[1] Pursuant to

1. The legal description of the property is: Lot Two (2) in Block Four (4) of Morningside Addition to the City of Rapid City, Pennington County, South Dakota. See Plaintiff's Statement of

21 U.S.C. § 881(a)(7), the United States has brought a civil action for forfeiture of the property involved. United States of America has moved for a summary judgment in the above-entitled matter. The defendant in the underlying criminal action, Troy Fairbanks ("Fairbanks"), is also the claimant in the above-entitled action and is the record owner of the Fairbanks residence at 1512 Lark Drive. Fairbanks' wife, Pam Fairbanks, has also filed a claim alleging that she was an innocent owner pursuant to 18 U.S.C. § 981(a)(2). The government alleges that there are no genuine material issues of fact as to both claims and that it is entitled to summary judgment as a matter of law.

This Court has jurisdiction to proceed pursuant to 28 U.S.C. §§ 1345 and 1355 and 21 U.S.C. § 881(a).

## SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if the movant can "show that there is no genuine issue as to any material fact and that [the movant] is entitled to judgment as a matter of law."[2] In determining whether summary judgment should issue, the facts and inferences are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–90, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.

Material Facts at 2; Troy Fairbanks' Response to Government's Statement of Material Facts at 1.

**2.** The Supreme Court has instructed that "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every

In determining whether a genuine issue of material fact exists, the Court views the evidence presented based upon which party has the burden of proof under the underlying substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253–55, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). In a civil forfeiture case,

the government must initially show probable cause to believe that the property was connected with illegal drug transactions. Once probable cause is shown, the private claimant bears the burden of proving by a preponderance of the evidence that the property was not involved in illegal drug transactions. To show probable cause, the government need only show a "reasonable ground for belief of guilt; supported by less than prima facie proof but more than mere suspicion."

*United States v. $250.000 in United States Currency*, 808 F.2d 895, 897 (1st Cir.1987). *See also United States v. One 1980 Red Ferrari*, 875 F.2d 186, 188 (8th Cir.1989) (stating that to establish probable cause the government must establish the presence of "a reasonable ground for belief of guilt supported by less than prima facie proof but more then mere suspicion.").

The nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts," and "[w]here the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586–87, 106 S.Ct. at 1356.

## DISCUSSION

### A. Standard for Civil Forfeiture

■ The government must first establish that it had probable cause to believe the property at 1512 Lark Drive was involved in illegal drug transactions.[3] This Court finds

action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).

**3.** The parties agree as to the burden of proof in this case. *See* Defendant/Claimant Troy Fairbanks' Response to Government's Motion for Summary Judgment at 2.

that the government had sufficient probable cause. In the underlying criminal case, Fairbanks pleaded guilty to 21 U.S.C. §§ 841(a)(1) and 846, Conspiracy to Distribute Controlled Substance. Fairbanks' statement of factual basis filed in support of his plea agreement stated:

> Troy Fairbanks is a resident of Rapid City, South Dakota, [who] received certain quantities of methamphetamine from Sergio Gutierrez, a California resident and courier for a California principal. In July 1996, Fairbanks received one-quarter pound of methamphetamine through S.G. [Sergio Gutierrez].

> In the beginning of September 1996, Fairbanks obtained one pound of methamphetamine from Gutierrez. On September 12, 1996, a warrant was executed on Fairbanks' residence at 1512 Lark Drive. That search revealed 230 grams of methamphetamine in the attic of that residence.

Statement of Factual Basis, Exhibits to Plaintiff's Reply to Troy Fairbank's Response to Government's Motion for Summary Judgment.

Not only has Fairbanks admitted that his property was involved in illegal drug activity, but the investigation of the property located at 1512 Lark Drive also supports the government's argument that there was probable cause to believe that the property was involved in illegal drug activity. During questioning of Sergio Gutierrez, who is known as a drug trafficker of methamphetamine, Gutierrez stated that on one occasion he had delivered one-half pound of methamphetamine to Fairbanks at his residence at 1512 Lark Drive and that on another occasion, during the summer of 1996, he had delivered one and one-half pounds of methamphetamine to Fairbanks at the same address. *See* Affidavit of Deputy Lynn McLane in Support of Request for Search Warrant at 5. Gutierrez stated that he saw Fairbanks bury the one and one-half pounds of methamphetamine and throw the bag which the drugs were in aside and leave it under a tree. *Id.* at 5–6. Gutierrez took DEA Special Agent Etchison to the location where Fairbanks had allegedly buried the drugs. *Id.* at 6. At the site was the bag in which Gutierrez stated he had brought the methamphetamine to Fairbanks. *Id.* The bag was taken into custody and when Etchison returned to the Rapid City DCI office the bag was hidden in the drawer of a women's restroom. *Id.* When a drug dog was brought into the restroom, the dog was alerted to the bag. *Id.*

A DEA informant also presented DEA agents with evidence which led them to believe that illegal drug activity was taking place at 1512 Lark Drive. Fairbanks had asked a DEA informant who had stopped at his residence at 1512 Lark Drive to get him a scale. *Id.* at 8–9. Fairbanks told him his scale was broken. When the informant delivered the scale to Fairbanks at his residence, the informant was told by Fairbanks to leave because he was expecting someone to drop off a shipment of methamphetamine. *Id.* at 9. While in Fairbanks' house, the informant saw what he believed to be marijuana. *Id.* Fairbanks also admitted during debriefing that at least thirty drug transactions had taken place at his residence. *See* Affidavit of Lynn McLane in Support of Motion for Summary Judgment. The facts recited above support this Court's conclusion that the government had probable cause to believe that there were illegal drug transactions taking place at 1512 Lark Drive.

Now the burden shifts to claimant Fairbanks to show by a preponderance of the evidence that the property was not involved in illegal drug transactions. In a sworn affidavit of Fairbanks dated September 8, 1997, supplementing his original affidavit dated May 30, 1997, Fairbanks stated that it was not his intention "to state to the Court that he had *never* used the property involved herein in drug activity." Fairbanks went on to state that he has previously indicated to law enforcement, and now specifically to the Court that several past drug transactions have occurred at the property under affiant's control. . . . I believe my share of the property is forfeitable by the Court, subject to a proportionality determination, but that my wife's ownership interest as previously set out for the Court should not be forfeited herein. The government has shown a "reasonable ground for belief of guilt," and the evidence in this case presents "more than a

mere suspicion" that Fairbanks' residence was involved in illegal drug activity. Also, given that Fairbanks no longer denies that his residence at 1512 Lark Drive was used for drug activity, this Court finds that there is no genuine issue of material fact as to this point. Accordingly, this Court finds in favor of the United States as to its motion for summary judgment as to claimant Troy Fairbanks.

### B. Excessive Fine Pursuant to the Eighth Amendment

■ However, Fairbanks does argue that the forfeiture of his residence would constitute an excessive fine in violation of the Eighth Amendment. This Court disagrees. The estimated value of the property at 1512 Lark Drive on October 24, 1996, was $105,-000. *See* Affidavit of Jane Koball, Deputy U.S. Marshal. The street value of methamphetamine is $1,500 to $2,200 per ounce,[4] $100 a gram, or $250 to $300 for an 8–ball.[5] *See* Affidavit of McLane in Support of Motion for Summary Judgment. During Fairbanks' debriefing, he stated that at least 30 drug transactions had occurred at his residence during the summer of 1996. *Id.* Based upon the debriefing of Gutierrez, Deputy Lynn McLane, an investigator with the Pennington County Sheriffs office, learned that between October of 1994 and June of 1996 approximately 1/2 ounce of methamphetamine was bought and sold at Fairbanks' residence per week. *Id.* Gutierrez stated that starting in June of 1996, the quantities of methamphetamine delivered to Fairbanks increased to a½ pound and that in September of 1996 the quantities increased to 1½ pounds of methamphetamine. *Id.* There were at least two 1½ pound purchases of methamphetamine which

took place at Fairbanks' residence. *Id.* One of these 1½ pound purchases was the one which was discussed above. In addition, there was the additional ½ pound delivery of methamphetamine which was discussed above. Therefore conservatively, this Court will approximate that 3.5 pounds of methamphetamine were illegally transacted at Fairbanks' residence. This methamphetamine would have a street value from $84,000 to $123,000.[6] The maximum monetary penalty for Fairbanks which formed the basis for his guilty plea would be a $4,000,000 fine. *See* Fairbanks' Plea Agreement attached to Plaintiff's Reply to Fairbanks' Response to Government's Motion for Summary Judgment.

■ In *United States v. Bieri*, 68 F.3d 232 (8th Cir.1995), though a criminal forfeiture case, the Eighth Circuit addressed the issue of whether forfeiture of the defendant's property was grossly disproportionate. The civil forfeiture statute, like the criminal forfeiture statute, 21 U.S.C. § 853(a)(2), requires mandatory forfeiture, not discretionary forfeiture. *Bieri*, 68 F.3d at 235, 21 U.S.C. § 853(a)(2); 21 U.S.C. § 881(a)(7). In establishing that the forfeiture of property is excessive under the Eighth Amendment, the defendant/claimant has the initial burden of making a prima facie showing of gross disproportionality. *Bieri*, 68 F.3d at 235; *United States v. Alexander*, 32 F.3d 1231, 1235 (8th Cir.1994). In determining whether the facts of a case constitute gross disproportionality, the district court should look to "the extent and duration of the criminal conduct, the gravity of the offense weighed against the severity of the criminal sanction, and the value of the property forfeited."[7] *Id.*

---

4. One ounce is equal to 28.3 grams. *See* Affidavit of McLane.

5. An 8–ball is⅛ of an ounce or 3.5 grams.

6. 3.5 pounds × ounces/pound = 56 ounces 56 ounces × $1,500 to $2,200/ounce = $84,000 to $123,200

7. On remand from the United States Supreme Court, the Eighth Circuit in *Alexander* concluded that the district court would likely be able to make findings as to the excessive fines issue based upon the record before it. *Alexander*, 32 F.3d at 1237. Based upon *United States v. One*

*Parcel of Real Estate at 321 S.E. 9th Court, Pompano Beach, Florida*, 914 F.Supp. 522 (S.D.Fla. 1995), the claimant Fairbanks argues that whether the forfeiture in this case is excessive is a factual question, *Id.* at 526. However, the conclusion by the Southern District Court of Florida was that the moving party had not presented undisputed facts on the material issue—whether the subject property was used for illegal purposes. *Id.* Therefore, only if the facts relied upon are disputed would the issue be inappropriate for summary judgment.

The criminal activity by Fairbanks has been going on at the Fairbanks residence since October of 1994 and continued until at least September of 1996. The debriefing of Gutierrez and Fairbanks revealed that the criminal conduct in this case is not minimal. *Compare Bieri*, 68 F.3d at 236 (court noted that conspiracy to possess and distribute marijuana had lasted approximately two years).

In *Bieri*, in considering the gravity of the offense against the severity of the criminal sanctions, the Court noted that together the defendants were subject to fines up to six million dollars and yet the district court did not impose a fine. Fairbanks was subject to fines up to $4,000,000. The value of the property in *Bieri* which was subject to forfeiture was $245,000. The wholesale value of the marijuana that was either brought to defendants' farm in *Bieri* or distributed from the farm during the conspiracy was $233,750. The court in *Bieri* stated that this "was convincing evidence that forfeiture of the entire farm is not grossly disproportionate to the criminal conduct." The Fairbanks residence was appraised at $105,000 and the value of the drugs involved in the conspiracy just considering the fall of 1996 was from $84,000 to $123,000. This Court finds that the forfeiture of Fairbanks' entire residence at 1512 Lark Drive would not be grossly disproportionate to the criminal conduct.

## C. Pam Fairbanks' "Innocent Owner Claim"

 The government first argues that since Pam Fairbanks is not a record owner she cannot assert a valid claim against the property at 1512 Lark Drive. The government also disputes the conclusion that Pam Fairbanks was an innocent owner. 18 U.S.C. § 981(a)(2) states:

No property shall be forfeited under this section to the extent of the interest of an owner or lienholder by reason of any act or omission established by that owner or lienholder to have been committed without the knowledge of that owner or lienholder.

To prohibit forfeiture under section 981(a)(2) a claimant must establish that he or she is an owner or lienholder and that the illegal activities were committed without the knowledge of the owner or lienholder. The affidavit of Pam Fairbanks states that she "had no knowledge of any illegal activity taking place on the Defendant property as asserted herein and did not in any way encourage, condone, approve of, observe, or otherwise participate in such ongoings." The affidavit of Troy Fairbanks states that he "tried to intentionally *exclude* claimant Pam Fairbanks from such activity to make it difficult for her to know of my activities." However, the government argues otherwise. The government argues that given that thirty drug transactions took place within the Fairbanks residence in September of 1996 it would have been difficult for Pam Fairbanks to turn a blind eye. Also, the government relies on Pam Fairbanks' affidavit in which she states that she left the residence at 1512 Lark Drive out of fear before September 10, 1996, because of the "activities" of Sergio Gutierrez and others. The Court finds that there is a genuine issue of material fact as to the knowledge which Pam Fairbanks had of her husband's illegal drug transactions.

However, two elements are required to prohibit forfeiture pursuant to 18 U.S.C. § 981(a)(2). Therefore, if this Court finds that as a matter of law claimant Pam Fairbanks is not an owner or a lienholder then the government is entitled to summary judgment as a matter of law. The record is clear that Troy Fairbanks was the registered owner of the property at 1512 Lark Drive. *See* Affidavit of Troy Fairbanks and Pam Fairbanks. The residence at 1512 Lark Drive was the marital residence of Troy and Pam Fairbanks.

 Pam Fairbanks' property interest is defined by state law. *United States v. Tracts 10 & 11 of Lakeview Heights, Texas*, 51 F.3d 117, 121 (8th Cir.1995). According to South Dakota law, "Other than for the duty of support, a spouse does not have any vested rights in the property of his or her mate during the course of their marriage." *Billion v. Billion*, 553 N.W.2d 226 (S.D.1996). Spouses are permitted to obtain property separate and apart from each other. *Id.* It is not disputed that Troy Fairbanks is the record owner of the property at 1512 Lark

Drive. For a claimant to have standing to contest forfeiture, the claimant must show that he or she is a owner of the defendant property. *United States v. One Parcel of Property at RR 2, Independence, Buchanan County, Iowa*, 959 F.2d 101, 103 (8th Cir. 1992). The Eighth Circuit has held that the expectation of future ownership by a child of an owner is not enough to create standing to challenge a civil forfeiture proceeding. *Id.* at 103–04. This Court finds that Pam Fairbanks does not have sufficient ownership to justify standing to contest the civil forfeiture against the property at 1512 Lark Drive.

## CONCLUSION

Based upon the preceeding discussion, this Court finds that there was probable cause for the government to believe that the property at issue, 1512 Lark Drive, was involved in illegal drug transactions. Fairbanks does not even contest this point. *See* Supplemental Affidavit of Fairbanks. In addition, this Court finds that there is no genuine dispute as to the material facts upon which the Court finds that the forfeiture in this case is not excessive or grossly disproportionate. Therefore, Fairbanks' Eighth Amendment rights have not been violated. Finally, this Court concludes that Pam Fairbanks does not have an ownership interest to contest the forfeiture.

Accordingly, it is hereby

ORDERED that government's motion for summary judgment is granted.